52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Candelaria ORTIZ-DIAZ, a/k/a Candelaria Ortiz-Lopez,
Defendant-Appellant.
 No. 94-10324.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided April 10, 1995.
 
 Before: HUG, FARRIS and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant was indicted under 8 U.S.C. Sec. 1326 for illegal reentry into the United States following deportation. She entered a conditional guilty plea to the offense charged in the indictment, reserving the right to appeal the district court's denial of her motion to dismiss in which she collaterally attacked her underlying deportation.
 
 
 3
 In 1987, after Appellant's first felony conviction, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause why she should not be deported. However, one month prior to the entry of a deportation order against her, the Appellant voluntarily left the United States and returned the next day under a grant of parole in order to pursue a legalization application.
 
 
 4
 At this point, Appellant launched an extensive legal battle to remain in the United States. During the course of five years, Appellant applied for legal status, filed motions to reopen her original deportation proceeding, sought habeas corpus and injunctive relief in both federal and state courts, and appealed the eventual denial of her legalization application. Appellant was also convicted and imprisoned for a second felony offense during this same period.
 
 
 5
 Appellant was finally deported on January 19, 1994, but was found back in the United States, and was again arrested, on February 2, 1994.
 
 I.
 
 6
 Appellant first attacks the underlying deportation on the ground that the INS failed to give her written notice of the termination of her parole. Without such written notice of parole termination, she argues, the 1994 deportation was invalid. Appellant relies principally on our holding in United States v. Lagarda-Aguilar, 617 F.2d 527, 528 (9th Cir.1980), to support this position.
 
 
 7
 Appellant's reliance on Lagarda-Aguilar is misplaced because that case interpreted the 1979 version of the INS regulation at issue here. In 1982, 8 C.F.R. Sec. 212.5 was amended to provide for both automatic and written notice termination of parole. The district court interpreted the automatic parole termination provision of 8 C.F.R. Sec. 212.5(d)(1) to include Appellant's situation. See United States v. Ortiz-Diaz, 849 F.Supp. 734, 738 (E.D.Cal.1994). Whether that interpretation was correct is of no consequence because Appellant made no showing that the alleged INS error prejudiced her case.
 
 
 8
 This court has consistently held that a collateral attack on a deportation order entered into evidence in a Sec. 1326 reentry prosecution fails if any alleged INS error did not prejudice the alien. See United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992) (en banc); United States v. Galicia-Gonzalez, 997 F.2d 602, 603 (9th Cir.1993); United States v. Villa-Fabela, 882 F.2d 434, 439 (9th Cir.1989). "If the defendant was legally deportable and, despite the INS's errors, the proceeding 'could not have yielded a different result,' the deportation is valid for purposes of section 1326." Galicia-Gonzalez, 997 F.2d at 603 (quoting Proa-Tovar, 975 F.2d at 595).
 
 
 9
 Appellant was clearly eligible for deportation. By the time of her deportation, she had two felony convictions and was found to be ineligible for statutory legalization. Even assuming that the INS should have provided written notice of her parole termination, such an error would not have changed the result in this case. Thus, Appellant's notice argument fails because the INS's failure to provide written notice of her parole termination did not prejudice her case in any way.
 
 II.
 
 10
 Appellant also argues that, after her grant of parole, the INS should have initiated exclusion proceedings against her rather than continue proceedings under the 1989 deportation order. The amended INS regulation at issue here, however, clearly states that upon parole termination, an alien "shall be restored to the status which he or she had at the time of parole," and that "any order of exclusion and deportation previously entered shall be executed." 8 C.F.R. Sec. 212.5(d)(2)(i).
 
 
 11
 Appellant was validly within deportation proceedings at the time she sought parole to pursue her legalization application. Under the INS regulation, once the purpose for her parole was accomplished and the parole was terminated, she returned to the status she had prior to her parole grant. Thus, continuation of the deportation proceedings and subsequent execution of the deportation order were entirely proper. Moreover, Appellant again failed to show that this alleged INS error prejudiced her.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3